IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH RODRIGUEZ, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| HYATT CORPORATION, GRAND HYATT SAN ANTONIO, AND THYSSENKRUPP ELEVATOR CORPORATION | § § § § § | CIVIL ACTION NO. 5:20-cv-1370  JURY DEMANDED |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

**HYATT CORPORATION AND HOTEL INVESTMENTS, LLC D/B/A GRAND HYATT SAN ANTONIO** ("Defendants"), with the Consent of Co-Defendant Thyssenkrupp Elevator Corporation, file this Notice of Removal from the 150th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division in accordance with 28 U.S.C. §§ 1441 and 1446 (the "Notice of Removal"). As grounds for removal, Defendants show the Court as follows:

### I.
### STATE COURT ACTION

1. This is a negligence/personal injury action. Plaintiff Joseph Rodriguez ("Plaintiff" or "Rodriguez") alleges that on November 24, 2018, he was a guest at the Grand Hyatt San Antonio in San Antonio, Texas (the "Hyatt"). According to Plaintiff, he was on an elevator at the Hyatt when the elevator dropped and stopped between floors. Plaintiff alleges that when the elevator dropped he suffered serious bodily injuries (the "Incident"). Plaintiff alleges that the negligence of Defendants' and Defendant ThyssenKrupp Elevator Corporation("ThyssenKrupp") caused the Incident and his alleged injuries. According to Plaintiff, Defendants and

ThyssenKrupp failed to use ordinary care in repairing and maintaining the elevator and failed to use ordinary care or warn Plaintiff about the allegedly dangerous condition.

2. On October 28, 2020, Plaintiff filed suit against Defendants in the 150th Judicial District Court, Bexar County, Texas, styled as follows: Cause No. 20CI20973, *Joseph Rodriguez v. Hyatt Corporation, Grand Hyatt San Antonio, and Thyssenkrumpp Elevator Corporation* (the "State Court Action").[1] In the Original Petition, Plaintiff pled that his damages are between $100,000 and $200,000.[2] Defendant Hyatt Corporation and Grand Hyatt San Antonio were served with the State Court Action on November 5, 2020.

3. On November 17, 2020, ThyssenKrupp timely filed its Answer in the State Court Action.[3]

4. On November 24, 2020, the Hyatt Defendants timely filed their Answer in the State Court Action.[4]

## II.
## GROUNDS FOR REMOVAL

5. Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441.[5] The San Antonio Division of the Western District of Texas is the United States District and Division embracing Bexar County, Texas, the county in which the State Court Action is pending.

---

[1] A true and correct copy of Plaintiff's Original Petition is attached hereto as Document No. 2 in the Index to State Court File, attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes.

[2] *See* Plaintiff's Original Petition, Section V.

[3] A true and correct copy of ThyssenKrupp's Original Answer is attached hereto as Document No. 4 in the Index to State Court File, attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes.

[4] A true and correct copy of Defendants' Original Answer is attached hereto as Document No. 5 in the Index to State Court File, attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes.

[5] *See* 28 U.S.C. § 1441.

**DEFENDANTS' NOTICE OF REMOVAL**  PAGE 2

6. Defendants file this Notice of Removal based on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). A suit may be removed from state court to federal court on the grounds of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount of controversy exceeds $75,000,[6] exclusive of interest and costs.

### A. Notice of Removal is Timely Filed

7. Plaintiff served Defendants in the State Court Action on or about November 5, 2020.[7] Pursuant to 28 U.S.C. § 1446(b)(1), therefore, Defendants' Notice of Removal is timely filed.

### B. Amount in Controversy Requirement is Satisfied

8. In his Original Petition, Plaintiff alleges he is seeking "monetary relief of over $100,000 but not more than $200,000."[8] The amount in controversy therefore exceeds $75,000, as required for removal by 28 U.S.C. § 1332(a).

### C. Complete Diversity Exists

9. Pursuant to 28 U.S.C. § 1332(a), this case may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446. Complete diversity exists in this case because Plaintiff and Defendants are citizens of different states.

10. In his Original Petition, Plaintiff judicially admits that he is a citizen of the State of Texas.[9]

11. Hyatt Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Chicago, Illinois. Therefore, Defendant Hyatt is not a citizen of the State of Texas.

---

[6] *See* 28 U.S.C. §§ 1332(a) and 1446.

[7] A true and correct copy of the Citation served upon Defendants in this suit is attached hereto as Document No. 1 in the Index to State Court File. Further, a true and correct copy of the Notice of Service of Process served upon Defendants is attached hereto as Document No. 3 in the Index to State Court File. Both are attached hereto as part of **Exhibit "A"** and are incorporated herein by reference for all purposes.

[8] *See* Plaintiff's Original Petition, Section V.

[9] *See* Plaintiff's Original Petition, Section I.

**DEFENDANTS' NOTICE OF REMOVAL**  **PAGE 3**

12. Hotel Investments, LLC d/b/a Grand Hyatt San Antonio is a limited liability company (hereinafter "LLC") organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Hotel Investments LLC's sole member is Hotel Investments Holding CO LLC, a Delaware LLC with its principal place of business in Chicago, Illinois. Hotel Investments Holding CO LLC's sole member is Grand Hyatt San Antonio LLC, a Delaware LLC with its principal place of business in Chicago, Illinois. Grand Hyatt San Antonio, LLC's sole member is Hyatt Corporation, a Delaware corporation with its principal place of business in Chicago, Illinois. Therefore, Defendant Hotel Investments LLC is not a citizen of the State of Texas.

13. ThyssenKrupp Elevator Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Troy, Michigan. Therefore, Defendant ThyssenKrupp is not a citizen of the State of Texas.

14. Therefore, complete diversity exists pursuant to 28 U.S.C. § 1332.

### III.

### COURT AND PARTY INFORMATION

15. This action is being removed from the 150th District Court of Bexar County, Texas.

16. ThyssenKrupp requested a jury trial in the state court action.

17. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto collectively in the Index to State Court File, and incorporated herein by reference for all purposes.

18. Defendants will promptly give all parties written notice of the filing of this Notice of Removal, and will promptly file a copy of this Notice of Removal with the Clerk of the 150th

Judicial District Court of Bexar County, Texas, where the action is currently pending, as is required under 28 U.S.C. § 1446(d).

      **WHEREFORE**, Defendants respectfully request that the case styled as follows: Cause No. 20CI20973, *Joseph Rodriguez v. Hyatt Corporation, Grand Hyatt San Antonio, and Thyssenkrumpp Elevator Corporation* pending in the 150th Judicial District Court of Bexar County, Texas, be removed to the United States District Court of the Western District of Texas, San Antonio Division, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Michael A. Logan*
    Michael A. Logan
    State Bar No. 12497500
    E-mail: mlogan@krcl.com
    Clayton S. Carter
    State Bar No. 24120750
    ccarter@krcl.com

901 Main Street, Suite 5200
Dallas, Texas  75202
Telephone:    (214) 777-4294
Facsimile:    (214) 777-4299

**ATTORNEYS FOR DEFENDANTS HYATT CORPORATION AND GRAND HYATT SAN ANTONIO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 30th day of November, 2020, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record.

                                             */s/ Michael A. Logan*
                                             Michael A. Logan